UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>TAC FINANCIAL, INC.<br>                                    Debtor. | Case Nos.:<br>3:15-cv-02681-GPC-NLS<br>3:16-cv-00139-GPC-NLS<br><br>**ORDER RECONSIDERING AND DENYING DEFENDANTS REMAR'S AND FRAGER'S MOTIONS TO WITHDRAW THE REFERNCE** |
| CHRISTOPHER R. BARCLAY, TRUSTEE,<br>                                    Plaintiff,<br>v.<br>ROY H. EDER; REMAR INVESTMENTS, L.P.; MICHAEL RAYMOND FRAGER; FRASER SISSON ASSOCIATES; CENTAURUS FINANCIAL, INC.; RELIASTAR LIFE INSURANCE COMPANY; and DOES 1 through 20,<br>                                    Defendants. | 3:15-cv-02681 [ECF Nos. 2, 8]<br><br>3:16-cv-00139 [ECF Nos. 1, 6] |

Defendants Remar Investments, L.P. ("Remar") and Michael Frager and FSA Integrated LLC [erroneously sued as Fraser Sisson Associates] (collectively "Frager" or "Frager Defendants") filed separate motions to withdraw the reference. Defendants Remar and Frager sought to withdraw the reference to the bankruptcy court with respect to an adversary proceeding commenced by Plaintiff Christopher R. Barclay, as Chapter 7 Trustee for TAC Financial, Inc. (the "Trustee") against Remar and others for claims arising out of the allegedly fraudulent conveyance of a life insurance policy from TAC Financial, Inc. (the "Debtor") to Defendant Roy H. Eder and subsequent transferees, including Remar. Any party wishing to oppose the motion had until February 19, 2016 with respect to Remar's motion and February 26, 2016 with respect to Frager's motion to respond. On February 26, 2016, Trustee filed a statement of non–opposition to both motions. On June 20, 2016, the Court granted Defendants' motions to partially withdraw the reference with respect to the Trustee's claims against the moving Defendants. (*See* Case No. 15–cv–02681, ECF No. 8; Case No. 16–cv–0139, ECF No. 6.) The Court was thereafter advised that the Trustee would be filing a joint stipulation to withdraw the entire adversary proceeding.

On June 22, 2016, the Trustee submitted a status report summarizing the procedural status of the adversary proceeding. (Case No. 15–cv–02681, ECF No. 10.) On June 23, 2016, the Court held a status conference and inquired of the Trustee's and moving Defendants' positions on the benefits of withdrawing the reference at this stage of the adversary proceeding before the bankruptcy court. In view of the Parties' respective positions and the matters pending before the Court, the Court **RECONSIDERS** its order granting Defendants Remar's and Frager's motions to partially withdraw the reference and **DENIES** Defendants' motions without prejudice. Judicial efficiency and uniformity will be promoted by allowing the bankruptcy court, which is already familiar with the adversary proceeding and has expertise in bankruptcy–related matters, to manage the proceedings until the case becomes ready for trial or it otherwise becomes necessary for the district court to enter final judgment on report and recommendation by the bankruptcy court.

1 | Based on the foregoing, the Court finds that it is more judicially expeditious for the bankruptcy court to oversee the adversary proceeding in this matter until it the case is ready to proceed to jury trial or the district court is otherwise called upon to review the bankruptcy court's decisions relating to non–core or *Stern* claims.  The Court therefore **RECONSIDERS** its June 20, 2016 Order and **DENIES** Defendants Remar's and Frager's motions to withdraw the reference without prejudice.

**IT IS SO ORDERED**.

Dated:  June 23, 2016

Hon. Gonzalo P. Curiel
United States District Judge